IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

NATASCHA L. ANDREWS                                                     PLAINTIFF
1800 TELLURIDE WAY APT 208
LOUISVILLE, KY 40223

                                                              Case No.   3:21-CV-167-CHB

v.

                                                              Judge

DEPARTMENT OF EDUCATION/GLELSI.                   DEFENDANTS
2401 INTERNATIONAL
POB 7859
MADISON WI, 53704

        SERVE:(BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                           421 W. Main Street
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, NATASCHA L. ANDREWS by counsel, and for HER Verified Complaint against the Defendants, DEPARTMENT OF EDUCATION/GLELSI, ("GLESLI), Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; GLELSI false reporting to Equifax, of default history on several of Plaintiff's transferred GLELSI accounts; and Defendants' failure to correct GLELSI'S false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Natascha L. Andrews, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1800 Telluride Way, Apt. 208, Louisville, KY 40223.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, GLELSI, is a Wisconsin corporation and is a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 2401 International, POB 7859, Madison WI, 53704.

5. GLELSI is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

2

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

10. In or around January 2021, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax, credit reports and discovered that GLESLI was reporting default account history for Plaintiff's GLELSI student loan accounts.

11. Prior to January 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to GLELSI.

12. Immediately upon discovering GLELSI's false and derogatory tradelines which showed Plaintiff's student loan accounts with default histories, Plaintiff filed written disputes with Equifax, regarding the inaccuracy of the GLELSI tradelines given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

13. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified GLELSI of the disputes at or within five (5) days of Equifax's receiving notice of the disputes from Plaintiff.

14. In January, 2021, GLELSI, Equifax, verified the accuracy of the GLELSI tradelines reporting on Plaintiff's credit reports.

15. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, GLELSI, Equifax, failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

16. Upon information and belief, GLELSI, Equifax, did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' reporting of the GLELSI's account default histories. Also Plaintiff was denied a mortgage loan because of the default histories. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – GLELSI

18. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. GLELSI's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the default history of Plaintiff's GLELSI accounts are violations of GLELSI's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-

2(b).

20. GLELSI's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which GLELSI is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

21. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

22. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – GLELSI

25. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

26. GLELSI's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax of the default history of Plaintiff's GLELSI accounts, despite GLELSI's knowledge of the falsity of its reporting, are willful violations of GLELSI's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

27. Given GLELSI's knowledge of the falsity of its reporting, GLELSI's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which GLELSI is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – Equifax

28. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

29. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

31. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Natascha L. Andrews, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

/s/Christopher T. Kurtz
Christopher T. Kurtz
ATTORNEY AT LAW
608 Baxter Ave
Louisville, KY  40204
Phone, (502) 749-3600
Facsimile, (502) 749-3766
chris@ckurtzlaw.com
*Counsel for Plaintiff*

## VERIFICATION

I, Natascha L. Andrews, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Natascha L. Andrews

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Natascha L. Andrews this 15th day of March, 2021.

_____
Notary Public

Commission expires: 7/25/2024